IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
Northern ~~EASTERN~~ DIVISION RECEIVED

ANNIE LUCAS BROWN,

        Plaintiff,

vs.

ALABAMA PUBLIC LIBRARY SERVICE,

        Defendant.

2007 SEP 17 A 11: 07

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. Civil Action No.: 2:07-CV-841-MEF

)
)
)
)
)
)
)

# COMPLAINT

## I.   GENERAL STATEMENT OF ACTION

1.   This is a civil action for injunctive relief, declaratory judgment, further equitable relief, damages, attorney fees and other appropriate relief to protect and redress the deprivation of rights, privileges and immunities secured by the Fourteenth Amendment to the Constitution of the United States of America and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Section 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972, U.S.C.A Section 2000e-16.

## II.  JURISDICTION

2.   Plaintiff asserts that federal question jurisdiction exists pursuant to 28 U.S.C.S. Sections 1331, 1343 and 2001. Plaintiff alleges that a justifiable controversy exists between Plaintiff and Defendant.

1

3.  That the Plaintiff received her right to sue letter from
    the U.S. Department of Justice, Civil Rights Division on
    June 25, 2007.  **(A copy of which is attached as Exhibit
    "A".)**

### III.  PARTIES

4.  Plaintiff Annie Lucas Brown, a resident of Tuskegee,
    Macon County, Alabama, is a black female, over the age of
    21 years, and at all pertinent times, has been employed
    with the Alabama Public Library Services since 1997.

5.  Defendant an agency of the State of Alabama is an
    employer as defined by 42 U.S.C.S. Section 2000e (b) and
    at all times pertinent thereto, discriminated against
    Plaintiff at its state office in Montgomery, Alabama with
    said discrimination being based on race (black).

### IV.  ALLEGATIONS OF FACT

6.  Plaintiff Annie Lucas Brown is a black female who was
    initially hired as a consultant in Library Administration
    and Management by Defendant. In May 2002, Plaintiff was
    promoted to the position of Library Operations Manager
    and is the only black professional currently hired by
    Defendant.

7.  On July 25, 2006, Ms. Rebecca Mitchell, who is white and
    serves as the Director of the Alabama  Public Library
    Service gave Plaintiff an unwarranted written reprimand

2

which violated the requirements described in the State of Alabama Progressive Discipline Manual, June 2006 Edition.

8.  Defendant's further discriminatory actions relate to Plaintiff's performance appraisal for 2005-2006, which was unreasonably reduced to "Partially Meets Standards" and manipulated by Defendant due to an improper letter of reprimand given by Ms. Mitchell, that caused Plaintiff to be ineligible for a pay raise.

9.  Plaintiff's performance appraisals for previous years were either "Consistently Exceeds Standards" or "Exceeds Standards", which enabled her to receive pay raises in each of the previous years.

10. Plaintiff's white counter-part, Judith R. Shepard, also received a written reprimand during her 2005-2006 appraisal period, but she received a "Meets Standards" appraisal rating and was eligible for a pay raise.

11. Plaintiff's supervisory authority was removed by Defendant due to the unfounded one letter of reprimand but her white counter-part, Judith R. Shepard, retained her supervisory authority after receiving a written reprimand.

12. Defendant has further discriminated against Plaintiff based on her race by creating and exposing her to a continuously hostile work environment.

3

13. Defendant has unfairly treated Plaintiff differently from other similarly situated white employees who are employed by Defendant.

14. Any non-discriminatory reasons given by Defendant for its action against Plaintiff are a pretext to hide or mask discrimination on the basis of race.

15. Plaintiff has exhausted her administrative remedies with the U.S. Department of Justice, Civil Rights Division, when it issued Plaintiff a right to sue letter dated June 18, 2007, which was received by Plaintiff on June 25, 2007, and such final decision has prompted Plaintiff to file this lawsuit in federal court.

**WHEREFORE**, Plaintiff requests the following relief:

A. **That this Court issues a declaratory judgment finding that the Defendant has discriminated against Plaintiff based on her race, for the reasons stated herein and she has been treated differently from similarly situated white employees employed by Defendant.**

B. **That Plaintiff be retroactively eligible for a pay increase following her performance appraisal for 2005-2006 and such appraisal be changed to "Meets Standards", which was given to her white counter-part who was similarly situated.**

4

C. That Plaintiff be awarded compensatory damages, including damages for emotional distress and mental anguish, and punitive damages; and

D. That Plaintiff be awarded reasonable attorney fees, costs and any other relief that is just and equitable.

Done this 12th day of September, 2007.

Respectfully submitted,

DEBORAH HILL BIGGERS (BIG002)
Attorney for Plaintiff
Annie Lucas Brown
113 East Rosa Parks Avenue
Tuskegee, Alabama  36083
PH:  (334) 727-0092
FAX (334) 727-7117

5





U.S. Department of Justice

Civil Rights Division

---

Employment Litigation Section - PHB
950 Pennsylvania Avenue, N.W.
Washington, DC  20530
www.usdoj.gov/crt/emp/emphome.html

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

WJK:WBF:mdw
DJ 170-2-122                                    JUN 1 8 2007

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Annie Lucas Brown
2508 Brothers Drive
Tuskegee, AL 36083

　　　　　Re: Annie Lucas Brown v. Alabama Public Library
　　　　　　　Service, EEOC No. 420-2006-04866

Dear Ms. Brown:

　　　　　It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC).  This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.
　　　　　You are hereby notified that conciliation in this matter was unsuccessful by the EEOC.  You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.
　　　　　Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(l) of Title VII, 42 U.S.C. 2000e-5(f)(l).
　　　　　We are returning the files in this matter to EEOC's Birmingham District Office.  If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Delner Franklin-Thomas, District Director, EEOC, 1130 22nd Street, South, Birmingham, AL 35205.

　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　Wan J. Kim
　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　Civil Rights Division

　　　　　　　By:　　　　　_____

　　　　　　　　　　　　　William B. Fenton
　　　　　　　　　　　　　Deputy Chief
　　　　　　　　　　　　　Employment Litigation Section

cc: Margaret L. Fleming, Esq.
　　　Alabama Public Library Service

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000476
Cashier ID: brobinso
Transaction Date: 09/17/2007
Payer Name: DEBORAH HILL BIGGERS
-----------------------------------
CIVIL FILING FEE
 For: DEBORAH HILL BIGGERS
 Case/Party: D-ALM-3-07-CV-000841-001
 Amount:        $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 5131
 Amt Tendered: $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```