IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE LUCAS BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Case Number 2:07-cv-841-MHT |
| § | |
| ALABAMA PUBLIC LIBRARY § | **JURY TRIAL REQUESTED** |
| SERVICE, § | |
| § | |
| Defendant. § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, the Alabama Public Library Service ("APLS"), and responds to Plaintiff's Complaint as follows:

### Response to "General Statement of Action"

1.   The allegations contained in paragraph 1 are legal conclusions as to which no responsive pleading is required. If a response is required, APLS denies the allegations made in this paragraph of the Complaint.

### Response to "Jurisdiction"

2.   Admitted as to jurisdiction. Denied as to justifiable controversy between the parties.

3.   No response is needed as the attached exhibit speaks for itself.

### Response to "Parties"

4.   Upon information and belief, this paragraph is admitted.

5.   Denied.

### Response to "Allegations of Fact"

6.   Without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore this paragraph is denied at this time.

7.   Denied.

8.   Denied.

9.   Without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore this paragraph is denied at this time.

10.  Without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore this paragraph is denied at this time.

11.  Denied.

12.  Denied.

13.  Denied.

14.  Denied.

15.  Denied.

16.  All allegations in the "Wherefore" paragraph are denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to satisfy the administrative and procedural requirements to filing suit.

## SECOND AFFIRMATIVE DEFENSE

APLS's actions as they related to Plaintiff were based on legitimate, non-discriminatory factors.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, ALPS acted in good faith with respect to Plaintiff, and it had reasonable grounds for believing that its actions were not in violation of any law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of claim and/or issue preclusion.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or collateral estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim pursuant to Title VII of the Civil Rights Act or the Equal Employment Opportunity Act for which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim for a hostile work environment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the Procedural Safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same Procedural Safeguards accorded to criminal defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to seek to impose against this Defendant punitive damages, which are penal in nature, yet to compel Defendant to disclose potential incriminating documents and evidence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel this Defendant to disclose documents and evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which

5

thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection clauses of the Fourteenth Amendment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(a)  It is a violation of the due process clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law;

(f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates, the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

An award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

An award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for punitive damages under Alabama Code §§6-11-20 to 6-11-30 (1975) and is barred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to seek to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose evidence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The allegations in the Complaint do not constitute or describe a pattern or practice which would violate clearly established rights of Plaintiff of which a public official knew or should have known.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant denies that any decisions made concerning Plaintiff's employment were based on Plaintiff's race, sex or age, but to the contrary, such decisions were made in the normal course of providing efficient governmental services.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. 2000e-5(e), Plaintiff's claims under Title VII are time-barred to the extent they are based on events occurring more than 180 days prior to Plaintiff's filing of her Charge of Discrimination with the EEOC.

### TWENTY-EIGTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's claims under Title VII which were not presented to the EEOC.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

This Defendant pleads its right and entitlement to all immunities, including state immunity, qualified, good faith, discretionary and Eleventh Amendment.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

ALPS cannot be held liable for conduct occurring outside the line and scope of its employees' job responsibilities.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff has failed to comply with the Defendants' grievance procedures.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff is guilty of unclean hands, and therefore cannot recover.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has not been damaged.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

These Defendants plead the Faragher defense.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff has suffered no adverse employment action by this Defendant.

8

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff failed to take advantage of any preventative or corrective opportunities and to avoid harm.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This Defendant pleads lack of or improper notice.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

This Defendant pleads the Plaintiff's discharge in bankruptcy.

### FORTIETH AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust her administrative remedies.

### FOURTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's demand for punitive damages under the theories of liability plead in the Complaint is improper, and this Defendant is immune to such, and therefore is due to be stricken.

### FOURTY-SECOND AFFIRMATIVE DEFENSE

This Defendant reserves the right to amend its answer to assert such other defenses that become apparent.

Respectfully submitted this the 17th day of October, 2007.

### DEFENDANT REQUESTS TRIAL BY STRUCK JURY

/s/ Austin Huffaker
R. AUSTIN HUFFAKER, JR. (ASB-3422-F55R)
T. GRANT SEXTON (ASB-0915-S40S)
Attorneys for Defendant
Alabama Public Library Service

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON &
   & GARRETT, P.A.

Post Office Box 270
Montgomery, AL 36101
(334) 206-3100 Telephone
(334) 481-0815

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah H. Biggers, Esq.

                                               <u>/s/ Austin Huffaker                </u>
                                               OF COUNSEL