**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| ANNIE LUCAS BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.: 2:07-cv-841-MHT |
| | ) |
| ALABAMA PUBLIC LIBRARY SERVICE, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### Statement of the Case

This Title VII action originated by the filing of a Charge of Discrimination dated August 8, 2006 by Mrs. Annie Brown, a black or African American female who has been employed with the Alabama Public Library Service (APLS) since 1997. The charge alleged employment discrimination based on the race and color of Plaintiff Annie Brown. **(EEOC Charge, Ex. L)** Mrs. Brown alleged in May 2002, she was promoted to Library Operations Manager, and as same, she is the only professional minority (Black) employed in APLS.

However, on July 25, 2006, APLS Director Rebecca Mitchell, who is Caucasian, issued to Mrs. Brown an alleged written reprimand based on erroneous facts and advised Mrs. Brown of this adverse employment action. **(EEOC Charge, Ex. L & Brown's Affidavit, Ex. A & Ex. 2)** The written reprimand was contested by Mrs. Brown because it failed to comply with the definition of a

1

"reprimand" as described in the State of Alabama Progressive Discipline Manual. **(EEOC Charge, Ex. L & Brown's Affidavit, Ex. A & Ex. 7)** The letter of reprimand from Director Mitchell also removed all of Mrs. Brown's supervisory authority as the Library Operations Manager for Network Development and Planning. **(Brown's Deposition, Ex. B, p. 55, l. 15 & p. 100, l. 15-18)** Mrs. Brown further alleged that the removal of her supervisory duties is an adverse employment action.

In a letter dated November 17, 2006, Mrs. Brown submitted additional evidence to support her racial discrimination claim, before EEOC, when she submitted evidence of a Caucasian Library Operations Manager, Judith Shepard, who was reprimanded for making a false statement and insubordination on two different occasions, but Ms. Shepard still supervised her subordinates and had not been reassigned consulting duties. **(Nov. 17, 2006 letter to EEOC, Ex. Q)**

Even though Mrs. Brown's original EEO charge alleged hostile work environment, she sent a letter dated March 7, 2007 to EEOC, reaffirming and amending her August 8, 2006 EEOC charge to add hostile work environment based on Mrs. Brown's race and color. **(March 7, 2007 letter, Ex. P)**

On March 7, 2007, the EEOC issued a Determination letter regarding Mrs. Brown's allegations *"that she was discriminated against on the basis of her race, Black, in that Respondent removed her supervisory duties as part of a disciplinary reprimand, which resulted in the denial of her annual raise"* and

2

*"that the evidence obtained during the investigation establishes reasonable cause to believe a violation of the statute has occurred".* **(Ex. M)**

Mrs. Brown received a right to sue letter, on June 22, 2007. Mrs. Brown filed her timely complaint with the U.S. District Court for the Middle District of Alabama, alleging that Defendant violated her rights, privileges, and immunities secured by the Fourteenth Amendment to the U.S. Constitution and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. Section 2000e et seq., as amended.

### Statement of the Facts

Plaintiff Annie Lucas Brown, a resident of Tuskegee, Macon County, Alabama, is a black female, over the age of 21 years, and at all pertinent times, has been employed with the Alabama Public Library Services since 1997.

Defendant an agency of the State of Alabama is an employer as defined by 42 U.S.C.S. Section 2000e (b) and at all times pertinent thereto, discriminated against Plaintiff at its state office in Montgomery, Alabama with said discrimination being based on race (black).

Plaintiff Brown was initially hired as a consultant in Library Administration and Management by Defendant in 1997. In May 2002, Plaintiff was promoted to the position of Library Operations Manager and is the only black professional currently hired by Defendant.

On July 25, 2006, Ms. Rebecca Mitchell, who is white and serves as the Director of the Alabama Public Library Service gave Plaintiff an unwarranted written reprimand which violated the requirements described in the State of

3

Alabama Progressive Discipline Manual, June 2006, Edition. **(Ex. A, Affidavit of Brown, Ex. 2 & Ex. 7 thereto)**

Defendant's further discriminatory actions relate to Plaintiff's performance appraisal for 2005-2006, which was unreasonably reduced to "Partially Meets Standards" and manipulated by Defendant due to an improper letter of reprimand given by Ms. Mitchell, that caused Plaintiff to be ineligible for a pay raise. **(Ex. A, Affidavit of Brown & Ex. 8 thereto)**

Plaintiff's performance appraisals for previous years were either "Consistently Exceeds Standards" or "Exceeds Standards", which enabled her to receive pay raises in each of the previous years. **(Ex. A, Affidavit of Brown, Ex. 10 thereto)**

Plaintiff's white counter-part, Judith R. Shepard, also received a written reprimand during her 2005-2006 appraisal period, but she received a "Meets Standards" appraisal rating and was eligible for a pay raise. **(Ex. A, Affidavit of Brown & Ex. J thereto)**

Plaintiff's supervisory authority was removed by Defendant due to the unfounded one letter of reprimand but her white counter-part, Judith R. Shepard, retained her supervisory authority after receiving a written reprimand. **(Ex. D, J. Shepard's Deposition p. 225 ls. 6-16)**

Another Caucasian Library Operations Manager, Janet Hamilton, also received a written reprimand on July 21, 2007 for placing diesel fuel in an APLS

4

vehicle, which required gasoline, and Ms. Hamilton did not have her supervisory duties removed, nor was she ineligible for being awarded a pay race. **(Ex. N)**

Defendant has further discriminated against Plaintiff based on her race by creating and exposing her to a continuously hostile work environment. **(Ex. A, Affidavit of Brown; Ex. B Brown's Deposition; Ex. D, Shepard's Deposition; Ex. G, Owen's Aug. 2, 2006 letter; & Ex. I, Brown's Interrogatory Responses)**

Defendant has unfairly treated Plaintiff differently from other similarly situated white employees who are employed by Defendant.

Any non-discriminatory reasons given by Defendant for its actions against Plaintiff are a pretext to hide or mask the discrimination on the basis of race.

### Argument

I.    **PLAINTIFF BROWN CAN SHOW GENUINE ISSUES AS TO MATERIAL FACTS EXIST FOR TRIAL TO SUPPORT HER CLAIM OF RACE DISCRIMINATION, THUS DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW.**

Pursuant to **Rule 56(c) of the Federal Rules of Civil Procedure,** provides that summary judgment is only proper if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Plaintiff has adequately submitted appropriate evidence to support that summary judgment is not warranted as a matter of law because genuine issues of material facts do exist to show that Defendant has discriminated against Plaintiff on the basis of race, in violation of Title VII.

All facts pertinent to the determination whether summary judgment is warranted, are to be viewed in the light most favorable to the non-moving party. **Rachid v. Jack in the Box, Inc.,** 376 F. 3d 305, 308 (5th Cir. 2004)

Since Plaintiff is relying on circumstantial evidence to support her claim of racial discrimination, her claim must be analyzed by applying the framework enunciated in **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 93 S.Ct. 1817, 36 **L. Ed. 2d 668 (1973).**

Pursuant to this holding, a plaintiff must adhere to the following four prong test to create a presumption of intentional discrimination by establishing a prima facie case: (1) that she is a member of a protected class; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. **Willis v. Coca Cola Centers, Inc.,** 445 F.3d 413, 420 (5th Cir. 2006); **Urbano v. Cont'l Airlines, Inc.,** 138 F.3d 204, 206 (5th Cir. 1998)

Defendant concedes in its brief in support of its summary judgment motion, that Plaintiff has met the first two prongs of Plaintiff's prima facie case since Plaintiff is an African-American and she is qualified for the positions of Library Operations Manager and Library Consultant.

Therefore, I will focus my argument on prongs three and four. The third prong requires Plaintiff to suffer an adverse employment action.

Plaintiff Brown has suffered an adverse employment action by Defendant. Adverse employment actions have been defined by the Courts as discharges,

6

demotions, refusals to hire, refusals to promote, and reprimands. **Alvarado v. Texas Rangers, 492 F.3d 605, 612 (5ᵗʰ Cir. 2007)**

It is undisputed that Plaintiff Brown received a reprimand from APLS Director, Rebecca Mitchell on July 25, 2006. **(Ex. A, Brown's Affidavit, Ex. 2 thereto)**

Therefore, Plaintiff can meet prong three.

The fourth prong requires Plaintiff to show that she was treated differently from similarly situated white co-workers.     Plaintiff has submitted credible evidence that she has been treated differently from two white or Caucasian similarly situated co-workers.  Those similarly situated white co-workers are Judith Shepard and Janet Hamilton, both of whom are APLS Library Operation Managers, just like Plaintiff. **(Ex. B, Brown Deposition pp. 28, l. l 7; Ex. C, R. Mitchell's Deposition p. 35 l. 5 & l. 17, p. 36 l. 22, 23, p. 37, l. 1 & 2)**

However, the evidence shows that Defendant treated Ms. Shepard and Ms. Hamilton differently when they both received their respective reprimands, for they did not lose their respective supervisory authority nor did their respective reprimands cause them to be ineligible for pay raises. **(See Ex. J, Ex. K, Ex. N; Ex O; J. Shepard's Deposition p. 225, ls. 6-16, p. 226 l. 19-23 ; p. 227, l. 1-22)**

To be considered similarly situated to members of unprotected class, so as to support prima facie case of race discrimination, Title VII plaintiff need not demonstrate exact correlation with employee receiving more favorable treatment; rather, plaintiff and comparator must be similar in all relevant

aspects. **McNeail-Tunstall v. Marsh USA**, 307 F. Supp. 2d 955, 966 (W.D. Tenn. 2004)

Therefore, Plaintiff has successfully established a prima facie case that she has been a victim of racial discrimination by her employer APLS.

When a plaintiff has produced prima facie case of employment discrimination, defendant bore burden of producing evidence that legitimate, nondiscriminatory reasons existed for challenged employment action and did not bear burden of persuading court that it was actually motivated by pro-offered reasons; it was sufficient if defendant's evidence raised genuine issue of fact as to whether it discriminated against plaintiff.    **Texas Department of Community Affairs**, 450 U.S. 248, 101 S.Ct. 1089 (1981)

Defendant's pro-offered reasons for the July 25, 2006 reprimand to Plaintiff Brown are described in the text of the reprimand. **(See Brown's Affidavit, Ex. A, Ex. 2 thereto)**

If the defendant offers alleged nondiscriminatory reasons for the employment action, the burden shifts to plaintiff to prove that defendant's stated reason was just a pretext for a racially discriminatory decision.

Evidence that may be relevant, depending on the circumstances, could include facts that defendant had discriminated against plaintiff employee or followed a discriminatory policy toward minority employees. **McDonald Douglas Corp. v. Green**, Id. at 1824-1826

8

Plaintiff Brown can show that she was discriminated against by Defendant APLS. **(See Ex. A, Brown's Affidavit; Ex. D., J. Shepard's Deposition, pp. 201-206, 223-229; Ex. K, J. Shepard's Reprimand ; & Ex. N, J. Hamilton's Reprimand.)**

Plaintiff also can show a discriminatory policy toward minority employees. **(See Ex. A, Brown's Affidavit; Ex. I, Brown's Interrogatory Responses; Ex. G, K. Owen's letter; Ex. H, LaTonya Moore's letter; Ex. D, J. Shepard's Deposition pp. 211-222, 232-237; Ex. C, R. Mitchell's Deposition pp. 216-242)**

Based on the above it is clear that Defendant violated the States Personnel Policy, prohibiting racial discrimination. **(See Ex. F.)**

**WHEREFORE,** based on the above, Plaintiff Annie Lucas Brown respectfully requests that Defendant's Motion for Summary Judgment be denied, as a matter of law.

**DONE THIS 30TH DAY OF MAY, 2008.**

                                Respectfully submitted,

                                **DEBORAH HILL BIGGERS (BIG002)**
                                **Attorney for Annie Lucas Brown**
                                **113 East Rosa Parks Avenue**
                                **Tuskegee, Alabama 36083**
                                **PH: (334) 727-0092**
                                **FAX (334) 727-7117**


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** upon

9

the following Counsel of record, by regular U.S. Mail, postage prepaid and properly addressed this 30th day of May, 2008:

**Hon. R. Austin Huffaker, Jr.**
**Hon. T. Grant Sexton, Jr.**
**Attorneys for Defendant**
**P. O. Box 270**
**Montgomery, AL 36101**

**DEBORAH HILL BIGGERS**
**Attorney for Plaintiff**

10