IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE LUCAS BROWN, | ) |
| | ) |
|         Plaintiff, | ) |
| vs. | ) CASE NO.: 2:07-cv-841-MHT |
| | ) |
| ALABAMA PUBLIC LIBRARY SERVICE, | ) |
| | ) |
|         Defendant. | ) |

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE

COMES NOW Plaintiff, **Annie Lucas Brown,** and opposes the Defendant's Motion to Strike certain exhibits and testimony filed by the Plaintiff in her Opposition to Defendant's Reply Brief **(Doc. 23),** and responds and opposes Defendant's Motion to Strike on the following grounds:

1.    Defendant argues that **Exhibit 2 to Doc. 23,** which discusses a trip to Bayou La Batre which Plaintiff was not allowed to travel, is hearsay, which should be stricken.  The e-mail described as **Exhibit 2,** reflects an acceptable and standard means of communication between the staff of the Alabama Public Library Service ("APLS").  This practice of e-mail communication is clearly shown through the sworn testimony of all the witnesses in this cause.  *(See attached Depo. Excerpt of Rebecca Mitchell attached hereto.)*

Rebecca Mitchell in her attached deposition excerpt corroborates the existence of the November 10, 2005 e-mail communication with Plaintiff Annie Brown.  Furthermore, Annie Brown authenticated **Exhibit 2,** during her sworn deposition testimony in **Exhibit 3, Document 23-4,** specifically **pages 3 - 5.**  Also see attached affidavit of Annie Lucas Brown.

Finally, **Exhibit 2,** the e-mail between Library Director Rebecca Mitchell and Plaintiff Annie Brown is an exception to the Hearsay Rule according to **Rule 803(6) of the <u>Federal Rules of Evidence</u>**.  This hearsay exception states that "a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness".   Plaintiff Annie Brown is a qualified witness because she is the sender and recipient of the subject e-mail from Director Mitchell.  **Exhibit 2** is a record made at the time identified, November 10, 2005, transmitted between Plaintiff Brown and Director Mitchell, during regularly conducted APLS business.  Therefore, **Exhibit**

**2** is admissible as an exception to the Hearsay Rule, and is not due to be stricken.

2.  Defendant argues that **Page 3 (fourth paragraph) of Doc. 23, pp. 33 - 35 of Ex. 4,** concerning discriminatory statements made by APLS employee, Harry Lensch to another APLS employee, Amanda Daniels, constitutes hearsay.

   When opposing summary judgment, nonmovant party need not produce evidence in form that would be admissible at trial. <u>**Curnow v. Ridgecrest Police**</u>**, 952 F.2d 321.**

   The testimony is an exception to the Hearsay Rule in that it is offered to show the reputation or character of APLS Administrator, Harry Lensch, who was Confidential Assistant, Business Manager and Human Resources Manager at APLS. **Rule 803 (21) of the <u>Federal Rules of Evidence.</u>** Therefore, this reference is not due to be stricken.

3.  Defendant argues that **Page 4 (first paragraph)** of **Doc. 23, pp. 37 - 38 of Ex. 4** is hearsay. Mrs. Brown's testimony about Kim Goodson, does not reference any statements made by Ms. Goodson, but discusses Ms. Goodson's observations and Ms. Goodson's feelings.

   Therefore, the subject testimony of Plaintiff Brown is not hearsay in that it is neither an oral or written assertion nor is it nonverbal conduct of a person intended as an assertion, and is not due to be stricken.

4.    Defendant argues that **Page 4 (second paragraph) Doc. 23, pp. 39 - 40 & 42 - 43 of Ex. 4** is hearsay. This testimony described in **Doc. 23** is an exception to the Hearsay Rule in that it is offered to show the reputation or character of APLS administration and Assistant Director, Hulen Bivens.  **Rule 803 (21) of the <u>Federal Rules of Evidence</u>.**  Therefore, it is admissible and is not due to be stricken.

5.    Defendant argues that **Page 4 (third paragraph) of Doc. 23, p. 45 of Ex. 4, Plaintiff's** deposition, is hearsay and is due to be stricken.  The deposition reference is not hearsay but is a statement of Plaintiff Brown of her own personal opinion of why she believes that APLS Administrators, Rebecca Mitchell, Harry Lensch and Hulen Bivens, hate her.  **Page 4 of Doc. 23** is merely legitimate argument based on the opinion of Plaintiff Brown and is not due to be stricken.

Finally, the Plaintiff has submitted sufficient other evidence in **Doc. 23** and other evidence submitted by the Plaintiff in this cause to show that genuine issues of material fact exists and Defendant's Motion for Summary Judgment is due to be dismissed as a matter of law.

Employment discrimination cases involve peculiarly intensive state of  mind questions, thus  summary judgment is used sparingly

and seldom granted in such cases.  <u>Peterson v. Scott County</u>, 406 F.3d 515, 521 (8th Cir. 2005) <u>Feingold v. New York</u>, 366 F.3d 138, 148-49 (2d Cir. 2004).

DONE THIS 31ST  DAY OF JULY, 2008.

Respectfully submitted,


/s/ Deborah Hill Biggers
DEBORAH HILL BIGGERS (ASB-4769-I70D)
Attorney for Plaintiff, Annie Lucas Brown
113 East Rosa Parks Avenue
Tuskegee, Alabama 36083
PH:  (334) 727-0092
FAX (334) 727-7117
E-MAIL:  debbig@debbig.com


## CERTIFICATE OF SERVICE

I hereby certify that  the 31st  day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Austin Huffaker, P. O. Box 270, Montgomery, AL  36101.



/s/ Deborah Hill Biggers
DEBORAH HILL BIGGERS
Attorney for  Plaintiff

1        IN THE UNITED STATES DISTRICT COURT

2          MIDDLE DISTRICT OF ALABAMA

3              NORTHERN DIVISION

4

5    ANNIE LUCAS BROWN,              )
                                     )
6        Plaintiff,                  )
                                     )
                                     ) CASE NO.:
7    VS.                             ) 2:07-cv-841-MHT
                                     )
8    ALABAMA PUBLIC                  ) DEPOSITION OF:
     LIBRARY SERVICE,               ) REBECCA MITCHELL
9                                    )
         Defendant.                  )
10

11              S T I P U L A T I O N S

12       IT IS STIPULATED AND AGREED, by and

13   between the parties through their respective

14   counsel, that the deposition of:

15              REBECCA MITCHELL

16   may be taken before Frances P. Looney,

17   Commissioner and Notary Public, State at

18   Large, at the law offices of R. Austin

19   Huffaker, Jr., 184 Commerce Street,

20   Montgomery, Alabama 36101, on the 30th day of

21   January, 2008, commencing at approximately

22   9:15 a.m.

23

6fc43363-941e-4c7e-90bd-814810a9383f

Depo Rebecca Mitchell

Page 2

1    IT IS FURTHER STIPULATED AND AGREED that
2    the signature and the reading of the
3    deposition by the witness is waived, the
4    deposition to have the same force and effect
5    as if full compliance had been had with all
6    laws and rules of Court relating to the taking
7    of the depositions.
8        IT IS FURTHER STIPULATED AND AGREED that
9    it shall not be necessary for any objections
10   to be made by counsel to any questions, except
11   as to form or leading questions, and that
12   counsel for the parties may make objections
13   and assign grounds at the time of the trial,
14   or at the time said deposition is offered in
15   evidence, or prior thereto.
16                    ***
17            A P P E A R A N C E S
18
19   ON BEHALF OF THE PLAINTIFF:
20       Ms. Deborah Hill Biggers
21       Attorney at Law
22       113 East Rosa Parks Avenue
23       Tuskegee, Alabama  36083

Page 3

1    ON BEHALF OF THE DEFENDANT:
2        Mr. R. Austin Huffaker, Jr.
3        Rushton, Stakely, Johnston & Garrett
4        184 Commerce Street
5        Montgomery, Alabama 36104
6
7    ALSO PRESENT:
8        Ms. Annie Lucas Brown
9
10            E X H I B I T   L I S T
11   Plaintiff's Exhibit 1 - e-mail - Page 86
12   Plaintiff's Exhibit 2 - e-mail - Page 106
13   Plaintiff's Exhibit 3 - e-mail - Page 114
14   Plaintiff's Exhibit 4 - e-mail - Page 115
15   Plaintiff's Exhibit 5 - e-mail - Page 116
16   Plaintiff's Exhibit 6 - e-mail - Page 117
17   Plaintiff's Exhibit 7 - e-mail - Page 117
18   Plaintiff's Exhibit 8 - e-mail - Page 118
19   Plaintiff's Exhibit 9 - e-mail - Page 119
20   Plaintiff's Exhibit 10 - e-mail - Page 120
21   Plaintiff's Exhibit 11 - e-mail - Page 120
22   Plaintiff's Exhibit 12 - e-mail - Page 121
23   Plaintiff's Exhibit 13 - e-mail - Page 125

Page 4

1    Plaintiff's Exhibit 14 - travel - Page 135
2    Plaintiff's Exhibit 15 - travel - Page 137
3    Plaintiff's Exhibit 16 - memo - Page 148
4    Plaintiff's Exhibit 17 - manual - Page 171
5    Plaintiff's Exhibit 18 - appraisal - Page 184
6    Plaintiff's Exhibit 19 - appraisal - Page 188
7    Plaintiff's Exhibit 20 - appraisal - Page 189
8    Plaintiff's Exhibit 21 - appraisal - Page 193
9    Plaintiff's Exhibit 22 - memo - Page 193
10   Plaintiff's Exhibit 23 - appraisal - Page 211
11   Plaintiff's Exhibit 24 - letter - Page 211
12   Plaintiff's Exhibit 25-28 - letters - Pg. 212
13   Plaintiff's Exhibit 29 - letter - Page 216
14   Plaintiff's Exhibit 30-32 - letters - Pg. 222
15   Plaintiff's Exhibit 33 - charge - Page 223
16   Plaintiff's Exhibit 34 - letter - Page 239
17
18   EXAMINATION BY MS. BIGGERS:  Page 5
19
20       I, Frances P. Looney, a Court Reporter of
21   Alexander City, Alabama, and a Notary Public
22   for the State of Alabama at Large, acting as
23   commissioner, certify that on this date,

Page 5

1    pursuant to the Alabama Rules of Civil
2    Procedure and the foregoing stipulation of
3    counsel, there came before me on the 30th day
4    of January, 2008, at the law office of Mr. R.
5    Austin Huffaker, 184 Commerce Street,
6    Montgomery, Alabama 36104, commencing at
7    approximately 9:15 a.m., REBECCA MITCHELL,
8    witness in the above cause, for oral
9    examination, whereupon the following
10   proceedings were had:
11           REBECCA MITCHELL,
12   being first duly sworn, was examined and
13   testified as follows:
14             EXAMINATION
15   BY MS. BIGGERS:
16   Q.  Good morning.
17   A.  Good morning.
18   Q.  Would you please state your full name for
19      the record?
20   A.  Okay.  My full legal, name is Rebecca Marie
21      Sledge Manley Sledge Buckner Mitchell.  I go by
22      professionally Rebecca Sledge Mitchell.
23   Q.  Sledge, S-l-e-d-g-e?

6fc43363-941e-4c7e-90bd-814810a9383f

Page 106

1     we knew that we would return the truck the day
2     we delivered the materials. And people did not
3     want to spend overnight, and neither did I. So
4     we were determined to leave no later than 8:00
5     so that we could go down, do whatever we could
6     do in that time period, and be back home that
7     evening.
8   Q. What is the normal work -- when does the
9     normal work day begin for Alabama Public
10     Library Service employees?
11   A. Eight o'clock.
12   Q. So if Ms. Brown returned at 8:00 on that
13     particular day, you all were leaving at 8:00
14     on that particular day, correct?
15   A. I believe she returned the day before.
16   Q. But if she returned the day of, you all were
17     leaving the day that the work day began, is
18     that correct, 8:00?
19   A. Correct.
20     (Plaintiff's Exhibit 2, e-mail, marked for
21     identification)
22   Q. Ms. Mitchell, I'm going to ask you to look
23     at Plaintiff's Exhibit 2 and ask you if you

Page 107

1     can identify that document for me?
2   A. It's to Annie Brown from myself concerning the
3     Monday trip where we rescheduled from the
4     Wednesday.
5   Q. Rescheduled from the Wednesday or
6     rescheduled from the Monday to the
7     Wednesday?
8     MR. HUFFAKER: Be sure and read the entire
9     e-mail.
10   A. All right. On Thursday of that week prior to
11     the week in question, Mary had said that
12     Wednesday was good for her.
13   Q. That's Mary Payne?
14   A. Mary Payne. And that if we did not go on Monday
15     to please call her which that was fine. We had
16     planned to go on Wednesday because of Ms. Brown
17     having a new employee coming on Monday. Then on
18     Friday as I said earlier in my deposition, Ada
19     Williamson called and said that the only time
20     the internet folks would be willing to work with
21     her without rescheduling two or three weeks
22     later or indefinitely was on that Monday.
23   Q. This e-mail which is identified as

Page 108

1     Plaintiff's Exhibit 2 is from Annie Brown to
2     you indicating that Mary Payne had said
3     Wednesday was fine for her, and she was
4     reminding you that since Kim Owens was
5     reporting on Monday in her division and she
6     wanted to greet her that she was hoping that
7     Wednesday was a good day for everybody to be
8     the reschedule date for the trip to Bayou La
9     Batre; is that correct?
10   A. Yes, ma'am.
11   Q. In light of this e-mail that you had
12     received from Ms. Brown, Plaintiff's Exhibit
13     2, you still did not feel it was necessary
14     to call Ms. Brown and let her know about the
15     new development from Bayou La Batre that
16     they needed you to come that Monday?
17     MR. HUFFAKER: I do want to object to the
18     form. I don't know if you can establish she
19     ever received this. It's from Annie.
20     MS. BIGGERS: She said she recognized it,
21     and she remembered receiving it.
22   Q. You can answer the question.
23   A. Please ask the question again.

Page 109

1   Q. In light of the fact that Ms. Brown had gone
2     to the extent of rescheduling the trip from
3     that Monday to that Wednesday for the
4     legitimate reason of greeting a new
5     employee, greeting and orientating a new
6     employee at Alabama Public Library Service
7     and you have testified now that you had
8     received a call on that Friday before the
9     Monday from Bayou La Batre that you all
10     needed to come down that Monday because of
11     the technological connections that could be
12     made at that time, my question is in light
13     of Ms. Brown's, specific request, that the
14     trip be on that Wednesday you still did not
15     feel that it was necessary to call Ms. Brown
16     and advise her about the development that
17     you needed to go on Monday?
18   A. I did not call Ms. Brown.
19   Q. At any time were arrangements made for
20     Ms. Brown to travel to Bayou La Batre for
21     this project since she was the coordinator?
22   A. She did not -- any request she would have made
23     would have been granted.

6fc43363-941e-4c7e-90bd-814810a9383f

STATE OF ALABAMA    )
                          )

COUNTY OF MACON    )

# THIRD AFFIDAVIT OF ANNIE LUCAS BROWN

Before me, the undersigned Notary Public in and for said state and county, personally appeared **ANNIE LUCAS BROWN,** who is known to me, and who being by me first duly sworn, deposes and states as follows:

1. That I am an African American employee of the Alabama Public Library Service (APLS), which is the defendant in this cause.

2. That I have been employed with APLS since 1997.

3. That I have personal knowledge of the facts contained in this affidavit and I give this affidavit in the employment discrimination action pending in the United States District Court for the Middle District of Alabama, in which I am the Plaintiff.

4. It is common practice during the conducting of APLS business activity for APLS employees to communicate among themselves and to communicate to others throughout the State of Alabama in the form of e-mail transmission.

5. Such e-mail transmissions between APLS employees and others by which APLS conducts regular business are maintained by employees and kept in the regular course of business.

6.    That I kept and maintained on my office computer, the May 24, 2007 e-mal to Rebecca Mitchell and myself, from Tara Holman regarding a grant request to APLS pertaining to "My United States" training, which is identified in the record as Ex. 26 to Ex. A, Document 17.

7.    This e-mail identified as Ex. 26 to Ex. A, Document 17, is a true and correct copy of the e-mail transmitted on May 24, 2007 at 1:58 p.m. to Rebecca Mitchell and myself.  This e-mail was received and has been maintained during the ordinary course of business with my position at APLS.

8.    The e-mail transmission between myself and Rebecca Mitchell sent on November 10, 2005 regarding Monday's trip to Bayou LaBatre and identified in the record as Exhibit 2 to Doc. 23, are e-mails conducted or transmitted during the course of regular APLS business and were maintained and kept by me in the regular course of business.

9.    That I maintained Ex. 2 to Doc. 23 on my office computer and downloaded Ex. 2 from same, which is a true and correct copy of the e-mail transmissions between me and Rebecca Mitchell on November 10, 2005.

**Done this 30ᵗʰ day of July, 2008.**

ANNIE LUCAS BROWN

STATE OF ALABAMA              )
                              )
COUNTY OF MACON               )

Sworn to and subscribed before me this 30th day of July, 2008.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:  6/08/09