**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **ANNIE LUCAS BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **vs.** | ) **CASE NO.: 2:07-cv-841-MHT** |
| | ) |
| **ALABAMA PUBLIC LIBRARY SERVICE,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on August 11, 2008, wherein the following proceedings were held and actions taken:

1.    **PARTIES AND TRIAL COUNSEL:**

Plaintiff Annie Lucas Brown is represented by the Honorable Deborah Hill Biggers.

Defendant Alabama Public Library Service is represented by the Honorable R. Austin Huffaker, Jr. and the Honorable Thomas Grant Sexton.

**COUNSEL APPEARING AT PRETRIAL HEARING:**

Plaintiff Annie Lucas Brown is represented by the Honorable Deborah Hill Biggers.

Defendant Alabama Public Library Service is represented by the Honorable R. Austin Huffaker, Jr. and the Honorable Thomas Grant Sexton.

2.    **JURISDICTION AND VENUE:**

A federal question jurisdiction exists pursuant to 28 U.S.C.S. Sections 1331 and 1343.

4.    **PLEADINGS:**

      The following pleadings and amendments were allowed:

      Summons and Complaint, Answer and Defendant's Jury Demand.

5.    **CONTENTIONS OF THE PARTIES:**

    a.    **The Plaintiff:**

      The Plaintiff contends that the Defendant, the Alabama Public Library Service (APLS) is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. (Title VII)

      The Plaintiff, an African American has been employed with Defendant's state office located in Montgomery, Alabama since 1997 and she was initially hired as a consultant.

      The Plaintiff contends that in May 2002, she was promoted to the position of Library Operations Manager, resulting in Plaintiff being the only professional African American employed by Defendant.

      The Plaintiff contends that she was discriminated against on the basis of her race, Black, in that Defendant unreasonably removed her supervisory duties as part of an unfounded disciplinary reprimand, which resulted in the denial of Plaintiff's annual raise.

      The Plaintiff contends that two similarly situated white or Caucasian persons namely Judith Shepard and Janet Hamilton, were issued similar disciplinary reprimands, yet they did not lose their respective supervisory duties, nor their respective annual raises, if they were otherwise eligible to receive same.

The Plaintiff further contends that after her unfounded disciplinary reprimand, Plaintiff was presented and introduced to the public as only a Consultant, which was an apparent demotion, instead of a Library Operations Manager.  However, Plaintiff's salary as a Library Operations Manager, was never reduced.

The Plaintiff contends that Defendant discriminated against her on the basis of race, Black, by creating and exposing her to a continuously hostile work environment.

The Plaintiff contends that Defendant has unfairly treated her differently from other similarly situated white or Caucasian employees who are employed by Defendant.

The Plaintiff contends that she has made a prima facie case of employment discrimination based on her race, Black.

The Plaintiff contends that any non-discriminatory reasons given by Defendant for its actions against Plaintiff are a pretext to hide or mask discrimination of Plaintiff based on race.

The Plaintiff contends that she has exhausted her administrative remedies with the U.S. Department of Justice, Civil Rights Division, when it issued Plaintiff a right to sue letter dated June 18, 2007.

The Plaintiff contends that she suffered damages as the direct result of Defendant's racially discriminatory actions and that she is entitled to compensatory damages for loss wages, emotional distress, mental anguish, reasonable attorney fees and costs.

Plaintiff contends that Caucasian Rebecca Mitchell, Director, Hulen Bivens, Assistant Director and Harry Lensch, Confidential Assistant of APLS, individually and jointly discriminated against Plaintiff due to her race.

b. **The Defendants:**

The Alabama Public Library Service (APLS) denies the Plaintiff's allegations and denies that the Plaintiff has been subjected to any actionable race discrimination or racially hostile work environment. In particular, the APLS contends the Plaintiff received a written reprimand in July 2007 for legitimate, nondiscriminatory reasons after she breached the chain of command, was argumentative and unprofessional with the Governor's Office, criticized the work of her co-employees to an outside state agency, and was insubordinate and argumentative with her supervisor. The APLS further contends that the Plaintiff has not been demoted from a Library Operations Manager to a Consultant, and that the Plaintiff has not suffered any adverse employment action as defined under Title VII.

Nevertheless, to the extent the Plaintiff has suffered an adverse employment action, any such action was based on legitimate, nondiscriminatory performance-related reasons. The APLS also contends that the Plaintiff has not, and cannot, show that the Plaintiff has been treated any less favorably than any similarly situated white employees at the APLS and that the Plaintiff's "white comparators" are not proper comparators for Title VII purposes.

As to her claim of a racially hostile work environment, the APLS denies all such claims. In particular, the APLS contends that the Plaintiff has not shown, and cannot show, that she has been subjected to harassment based on her race or that any harassment was sufficiently severe to alter the terms and conditions of her employment. Further, the APLS contends that the Plaintiff's examples

of a racially hostile work environment fail to support a Title VII claim because they are not racial

in nature, but instead constitute complaints of workplace trivialities that do not support a Title VII

claim.   Finally, the APLS contends that the Plaintiff has failed to exhaust her administrative

remedies for her hostile work environment claim.

Lastly, the APLS adopts all defenses and arguments set forth in its Answer and Motion for

Summary Judgment, as if fully set out herein.

**6.** **STIPULATIONS BY AND BETWEEN THE PARTIES:**
a.  Plaintiff has been employed with the Defendant since 1997.
b.  Plaintiff was promoted from Consultant to Library Operations Manager in May 2002, a
position which she continues to occupy today.
c.  Rebecca Mitchell, the Director of APLS is Caucasian.
d.  Hulen Bivens, the Assistant Director of APLS is Caucasian.
e.  Harry Lensch, the Confidential Assistant of APLS is Caucasian.
f.  Judith Shepard is a Caucasian Library Operations Manager at APLS and at all times
pertinent thereto, has been a Library Operations Manager.
g.  Janet Hamilton is a Caucasian Library Operations Manager at APLS and at all time
pertinent thereto, has been a Library Operations Manager .
h.  Plaintiff received a written reprimand on July 25, 2006
i.  On February 27, 2006, Judith Shepard received a written reprimand.
j.  On July 21, 2007, Janet Hamilton received a written reprimand.
k.  This Court properly has jurisdiction over this cause.

It is ORDERED that:

(1) The jury selection and trial of this

cause, which is to last three days, are set for

September 8, 2008, at 10:00 a.m. at the Frank M.

Johnson, Jr. United States Courthouse Complex,

Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) The parties in this case are not required to file trial briefs. However, if they wish to do so, their trial briefs shall be filed no later than September 3, 2008;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform

scheduling order (Doc. No. 11) entered by the court on October 25, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE this the 11th day of August, 2008.


    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE